IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, PAMCAH-UA LOCAL 675 ANNUITY FUND, PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND, PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND, PAMCAH-UA LOCAL 675 TRAINING FUND, PAMCAH-UA LOCAL 675 COOPERATION FUND,<br><br>               Plaintiffs,<br><br>  vs.<br><br>AKUA AIR CONDITIONING LLC, A HAWAII LIMITED LIABILITY COMPANY; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,<br><br>               Defendants. | CIV. NO. 19-00553 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AKUA AIR CONDITIONING LLC |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT AKUA AIR CONDITIONING LLC

Plaintiffs' Motion for Entry of Default Judgment Against Defendant Akua Air Conditioning LLC, filed on February 26, 2020 ("Motion") (ECF No. 12) came on for hearing on April 23, 2020 at 9:30 a.m. before the Honorable Rom A. Trader. Attorney Christin D. W. Kawada, Esq. appeared by phone on behalf of Plaintiffs. Catherine Baitlow appeared by phone as a representative for Defendant Akua Air Conditioning

LLC ("Defendant") but not as legal counsel. Pursuant to LR81.1(b), Defendant must be represented by an attorney. Although the Court permitted Ms. Baitlow to speak during the hearing, Ms. Baitlow made no objections to the Motion. Further, Ms. Baitlow may not represent Defendant in this litigation. As such, the Court FINDS that Defendant made no opposition or objection to the Motion.

After careful consideration of the Motion, record in this case, and applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED. The Court FINDS and RECOMMENDS that Plaintiffs be awarded a total of $34,862.90 in damages for $27,507.21 in delinquent contributions, $4,284.57 for liquidated damages, and $3,071.12 in attorneys' fees and costs.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on October 11, 2019. ECF No. 1. Plaintiffs allege that Defendant entered into an agreement to abide by the Labor-Management Agreement. Id. at ¶ 10. Plaintiffs are third party beneficiaries of the Labor-Management Agreement. Id. at ¶ 12. Defendant agreed to submit reports and pay to Plaintiffs certain amounts monthly for employee benefits and administrative fees for work and labor performed by Defendant's covered employees. Id. at ¶ 14. Defendant agreed to make such payments on or before specified due dates. Id. Defendant agreed to pay liquidated damages if any monthly contributions and corresponding administrative fees were not paid when due. Id. at ¶ 15. Plaintiffs allege that Defendant failed to submit monthly reports and payments for contributions and corresponding administrative fee for

the periods including October 2018 through August 2019.[1] Id. at ¶ 16. Plaintiffs claim that they are entitled to unpaid contributions, liquidated damages and/or interest, and attorneys' fees and costs. Id. at ¶ 21.

On October 24, 2019, Plaintiffs filed a Proof of Service indicating that Defendant was served with a copy of the Complaint and Summons by a process server on October 23, 2019. ECF No. 6. Defendant failed to answer or respond to Plaintiffs' Complaint. On December 5, 2019, Plaintiffs filed a Request for Entry of Default Against Defendant. ECF No. 7. The Clerk entered an entry of default against Defendant on December 6, 2019. ECF No. 8. On February 26, 2020, Plaintiffs filed the present Motion. ECF No. 12. No opposition was filed.

## DISCUSSION

Federal Rules of Civil Procedure (Fed. R. Civ. P.) 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The district court has the discretion to grant or deny an application for default judgment. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).

---

[1] In the Complaint, Plaintiffs allege that Defendant failed to pay its contributions during the period of October 2018 through August 2019. ECF No. 1 at ¶ 16. In the Motion, Plaintiffs allege that Defendant failed to pay its contributions during the period of October 2018 through September 2019. ECF No. 12-1 at p. 6. Nevertheless, Plaintiffs have submitted sufficient evidence showing that the delinquent amounts in September 2019 should be included in Plaintiffs' damages. ECF No. 12-6.

3

A.	Jurisdiction

The Court must first determine whether it has subject matter jurisdiction over this action and personal jurisdiction over the Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attached as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place").  In this case, the Court has subject matter jurisdiction over Plaintiffs' claims regarding unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  See 29 U.S.C. §§ 1132(e) & 1145.  Further, this Court has personal jurisdiction over the Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" within the jurisdiction.  Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  The record reflects that service was made on Defendant through its designated agent on October 24, 2019.  ECF No. 6.  Moreover, the Complaint alleges that Defendant was a limited liability company incorporated in and doing business in the State of Hawaii.  ECF No. 1 at ¶ 5.  As such, this Court has personal jurisdiction over Defendant.

B.	Eitel Factors

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1)-(2).  However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right."  In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted).  Default judgments are

4

ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

In considering a motion for default judgment, courts consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72 (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court shall address each factor.

1. Possibility of Prejudice

This factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Absent entry of default judgment, Plaintiffs would be without recourse for recovery. As such, the Court FINDS that this factor weighs in favor of default judgment.

2. Merits of the Claim

As noted earlier, the factual allegations in the Complaint, for purposes of liability, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18 (citation omitted). Plaintiffs brought this action against Defendant for unpaid contributions. The terms of

5

the Labor-Management Agreement require Defendant to pay to Plaintiffs certain amounts monthly for employee benefits, an administrative fee, and for work and labor performed by Defendant's covered employees. Defendant employed workers covered by the Labor-Management Agreement and those workers performed work for Defendant when the Labor-Management Agreement was in effect. Defendant failed to submit monthly reports and payments for contributions and corresponding administrative fee for periods including October 2018 through September 2019. Accordingly, the Court FINDS that this factor favors default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and support by the documents filed with the Motion. The Court FINDS that this factor weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek a total of $35,954.47 in damages: $27,507.21 for delinquent contributions, $4,284.57 in liquidated damages, and $4,162.69 in attorneys' fees and costs. ECF No. 12-1. Plaintiffs' damages request is tailored to Defendant's wrongful conduct of failing to abide by the terms of the Labor Management Agreement and appears to be a sum certain or for a sum which can by computation be made certain. Accordingly, the Court FINDS that this factor weighs in favor of default judgment.

6

5.     Likelihood of a Dispute Concerning Material Facts

Defendant was given notice and had sufficient time to answer the Complaint and deny Plaintiffs' allegations. However, Defendant has done nothing to dispute the allegations. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court FINDS that this factor favors default judgment.

6.     Excusable Neglect

Plaintiffs served Defendant with their Complaint and Summons on October 23, 2019. ECF No. 6. Defendant did not file a response to the Complaint. Plaintiffs also served Defendant with notice of this Motion. ECF No. 12-8. Despite ample notice of this lawsuit, the hearing on the Motion on April 23, 2020, and the threat of default judgment, Defendant has not defended in this matter to date. Nothing in the record suggests that Defendant's default was the result of excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Thus, the Court FINDS that this factor weighs in favor of default judgment.

7.     Policy Favoring Decisions on the Merits

Although there is a policy of favoring decisions on the merits, the factors evaluated above strongly weigh in favor of granting default judgment. The Court FINDS that this factor does not preclude the finding that default judgment against Defendant is appropriate.

8.     Totality of Eitel Factors

The Court FINDS that six (6) out of the seven (7) Eitel factors weigh in favor of entering default judgment in Plaintiffs' favor. Accordingly, the Court FINDS and

RECOMMENDS that the district court grant Plaintiffs' default judgment against Defendant.

C.   Damages

Plaintiffs seek damages in the amount of $27,507.21 for delinquent contributions, $4,284.57 in liquidated damages, and $4,162.69 in attorneys' fees and costs for a total of $35,954.47 in damages.  When determining a defendant's liability on a motion for default judgment, an entry of default functions as an admission of the plaintiff's well-pleaded allegations of fact.  See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted).  The Court must review the record and, if necessary, make a further factual inquiry to establish the amount the plaintiff is entitled to recover. TeleVideo System Inc., 826 F.2d at 917-918.

The Court shall address each category of requested relief below.

1.   Delinquent Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the amount of $27,507.21 for each work month including October 2018 through September 2019.  In support of its argument, Plaintiffs submitted a summary of contributions owed as Exhibit "C" to the Motion.  ECF No. 12-6.  The summary reflects $27,507.21 in outstanding contributions from and including October 2018 through September 2019.  The Court FINDS that Plaintiffs have established damages in the amount of $27,507.21 for delinquent contributions.

2. Liquidated Damages

Plaintiffs seek liquidated damages in the amount of $4,284.57 for the months of October 2018 through September 2019. This amount is also itemized in Plaintiffs' summary, Exhibit "C" to the Motion. ECF No. 12-6. The Labor-Management Agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to ten (10) percent of delinquent trust fund contributions. ECF No. 12-5 at p. 15 (Article XXVI). Based on Plaintiffs' documentation, the terms of the Labor-Management Agreement, and the applicable statutory provision, the Court FINDS that Plaintiffs have established liquidated damages in the amount of $4,284.57.[2]

3. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and §1145. Further, the Labor-Management Agreement requires Defendant to pay reasonable attorneys' fees and costs. ECF No. 12-5 at p. 15. Accordingly, Plaintiffs are awarded

---

[2] Plaintiffs request $27,507.21 for delinquent contributions and $4,284.57 for liquidated damages. The Labor-Management Agreement provides that Plaintiffs are entitled to recover liquidated damages equal to ten (10) percent of the delinquent contributions. Here, the liquidated damages requested, on its face, is more than ten (10) percent of the delinquent contributions requested in the Motion. However, Plaintiffs explain in their Motion that the requested liquidated damages "was calculated based on 10% of the amount due to each fund for each respective month in which a contribution payment was delinquent." ECF NO. 12-1 at p. 7. The ten (10) percent was calculated based on the outstanding contributions due at the time the delinquency occurred, but the employer may have made partial contribution payments. Id. These partial payments were applied toward the contribution balance, which lowers the outstanding contribution amount, but leaves the balance of the liquidated damages, which accrued upon delinquency, unchanged and still owing. Id.

9

their reasonable attorneys' fees and costs. However, the Court finds that reductions are appropriate.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount calculated is reasonable. See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); Fischer, 214 F.3d at 1119 n.4.

        a.    <u>Reasonable Hourly Rate</u>

Plaintiffs request an hourly rate of $275 an hour for work performed by Jared N. Kawashima, Esq. and $225.00 per hour for work performed by Christin D.W. Kawada, Esq. The reasonable hourly rate is determined by assessing the prevailing market rate in

the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The relevant community is the forum in which the district court sits. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

In this case, Plaintiffs provide the Declaration of Christin D. W. Kawada, Esq. as evidence ("Declaration"). ECF No. 12-3 at p. 2. The Declaration provides that Mr. Kawashima is a partner at the law firm of Yee & Kawashima, LLLP. He has over twenty

(20) years of experience in practice. Ms. Kawada is an associate of Yee & Kawashima, LLLP. She has five (5) years of experience and has worked on a substantial amount of collection cases. "District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K. ex rel. Diane C., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). Based on this Court's knowledge of the prevailing rates in the legal community for work in similar cases, the Court FINDS that the hourly rate of $275 for work performed by Mr. Kawashima and $225.00 for work performed by Ms. Kawada is reasonable. See e.g., Pamcah-UA Local 675 Pension Fund v. Hualalai Mech. LLC, No. CV 16-00455 ACK-RLP, 2016 WL 8255576, at *6 (D. Haw. Dec. 21, 2016), report and recommendation adopted, No. CV 16-00455 ACK-RLP, 2017 WL 601398 (D. Haw. Feb. 14, 2017).

        b.      Hours Reasonably Expended

Plaintiffs request attorneys' fees in the amount of $3,552.50 and excise tax on the fees in the amount of $167.39 for 15.7 hours of work performed. ECF Nos. 12-3 at p. 2 & 12-7. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." Welch, 480 F.3d at 946 (citation and quotation marks omitted).

The Court FINDS that out of the 15.7 hours requested, 11.1 hours are reasonable. The Court finds that the hours claimed for work performed on September 25, 2019 and

12

September 26, 2019 are excessive and should be reduced.  On September 25, 2019, 2.2 hours are billed for an "email from Erinn to proceed with litigation" and to "work on draft complaint."  ECF No. 12-7.  On September 26, 2019, 1.5 hours was billed for a "Call to Erinn-left message" and "draft Complaint."  ECF No. 12-7.

First, these entries are block-billed.  "The district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation."  Cook Productions, LLC v. Stewart, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. Oct. 24, 2017) (citing Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015)).  The Court cannot reasonably determine how much time was spent communicating with Ms. Erinn Liu versus drafting the Complaint.

Second, a substantial portion of the Complaint filed in this case, except facts specific to this case, has been recycled from counsel's previous submission in Pamcah-UA Local 675 Pension Fund v. Hualalai Mech. LLC, No. CV 16-00455 ACK-RLP, 2016 WL 8255576, at *6 (D. Haw. Dec. 21, 2016), report and recommendation adopted, No. CV 16-00455 ACK-RLP, 2017 WL 601398 (D. Haw. Feb. 14, 2017).  Here, the Complaint's language is boilerplate.  "A reduction of hours is appropriate if the court reasonably concludes that preparation of a motion 'demanded little of counsel's time.'"  Welch, 480 F.3d at 950 (citing Webb v. Sloan, 330 F.3d 1158, 1170 (9th Cir. 2003)) (citation omitted) (the court found that reduction of hours appropriate if the language used in the motion was boilerplate and thus demanded little of counsel's time).  Here, given the boilerplate language, the Court FINDS that little time was required to draft the

13

Complaint. Due to the block-billing and boilerplate language, the Court FINDS and RECOMMENDS that the 2.2 hours billed on September 25, 2019 be reduced to 2.1 hours; and the 1.5 hours billed on September 26, 2019 be reduced to 0.4 hours.

The Court FINDS that the hours claimed for work performed on January 28, 2020 and January 29, 2020 are excessive. On January 28, 2020, 0.1 hours are billed for "emails with court clerk re next day status conference." ECF No. 12-7. On January 29, 2020, 0.2 hours are billed for "call with court re status conference." Id. "Receiving, downloading, and emailing documents and communicating with Court staff" is not compensable. OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326590, at *1 (D. Haw. Mar. 10, 2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK-KSC, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010)). As such, the Court FINDS and RECOMMENDS that the 0.1 hours billed on January 28, 2020 and 0.2 hours billed on January 29, 2020 are inappropriate and excessive, and should be reduced to 0.0 hours.

The Court FINDS that the 7.1 hours claimed for work performed on the Motion on January 29, 2020, February 4, 2020, and February 5, 2020 are excessive. The language used in the Motion, aside from the facts specific to this case, are largely boilerplate and thus, demanded little of counsel's time. See Welch, 480 F.3d at 950 (citing Webb, 330 F.3d at 1170; see e.g., Pamcah-UA Local 675 Pension Fund v. Hualalai Mech. LLC, No.

14

CV 16-00455 ACK-RLP, 2016 WL 8255576, at *6 (D. Haw. Dec. 21, 2016), report and recommendation adopted, No. CV 16-00455 ACK-RLP, 2017 WL 601398 (D. Haw. Feb. 14, 2017). As a result, the Court FINDS and RECOMMENDS that the hours billed for the Motion be reduced from 7.1 hours to 4.0 hours.

The Court FINDS and RECOMMENDS that Plaintiffs be awarded 11.1 hours of attorneys' fees for a total of $2,517.50 in attorneys' fees and $118.62 in General Excise Taxes (4.712%).

        c.     Reasonable Costs

Plaintiffs request a total of $442.80 in costs. Among the costs requested, Plaintiffs request copying costs. "The cost of copies necessarily obtained for use in the case is taxable . . . The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." LR54.1(f)(4). It appears that the following copying costs were made for the convenience of the party seeking recovery: (1) 32 units of the "Complaint and related docs" made on October 11, 2019 ($4.80); (2) 11 units of the Request for Entry of Default made on December 5, 2019 ($1.65); (3) 6 units of the scheduling conference statement made on December 10, 2019 ($0.90); and (4) 3 units of the minutes made on December 10, 2019 ($0.45). The copies made of the Complaint, Request for Entry of Default, and scheduling conference statement are followed by separate costs for courtesy copies to the Court, which strongly suggests that the copies of the Complaint, Request for Entry of Default, and scheduling conference statement were made for convenience. In addition, without further information, copies of the minutes on December 10, 2019 appear to be made for convenience. The Court cannot

15

say these costs are reasonable.  As such, the Court FINDS and RECOMMENDS that these costs be DENIED.

The Court FINDS that the remaining costs are reasonable.  Accordingly, the Court FINDS and RECOMMENDS that costs in the amount of $435.00 be awarded.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment Against Defendant Akua Air Conditioning LLC, filed on February 26, 2020, be GRANTED as follows:

1. Plaintiffs' request for default judgment (ECF No. 12) against Defendant be GRANTED and

2. Plaintiffs be awarded total damages in the amount of $34,862.90 for $27,507.21 in delinquent contributions, $4,284.57 for liquidated damages, and $3,071.12 in attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 24, 2020.



                    /s/ Rom A. Trader
                    Rom A. Trader
                    United States Magistrate Judge

_____

Civ. No. 19-00553 LEK-RT; *PAMCAH-UA Local 675 Pension Fund, et al. v. Akua Air Conditioning LLC, et al.*; Findings and Recommendation to Grant Plaintiffs' Motion for Entry of Default Judgment Against Defendant Akua Air Conditioning LLC